**FILED**

## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

2011 DEC -6  P 12: 08

CLERK US DISTRICT COURT
ALEXANDRIA. VIRGINIA

| | | |
|---|---|---|
| AMANDA WILLETT<br>10111 McConnell Place<br>Los Angeles, California 90064, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil No. 1:11cv1320<br>TSE/IDD |
| A. J. INDOVINA CONSTRUCTION, INC.<br>12634 Garry Glen Drive<br>Bristow, Virginia 20136 | ) ) ) ) | |
| SERVE: Anthony Indovina, Jr.<br>Registered Agent<br>12634 Garry Glen Drive<br>Bristow, VA 20136, | ) ) ) ) ) | |
| and | ) ) | |
| ANTHONY J. INDOVINA, JR.<br>a/k/a TONY INDOVINA<br>12634 Garry Glen Drive<br>Bristow, Virginia 20136, | ) ) ) ) ) | |
| Defendants. | ) ) | |

## COMPLAINT
### (Consumer Protection Procedures Act Violation, Breach of Contract, Fraud)

COMES NOW plaintiff Amanda Willett, by counsel, and for her Complaint against A. J.

Indovina Construction, Inc. and Anthony Indovina, Jr., states as follows:

1.    Amanda Willett is an adult resident of the State of California.

2.    A. J. Indovina Construction, Inc. (hereinafter "Indovina Construction") is a

Virginia corporation with its principal place of business in Bristow, Virginia.

3.     Defendant Anthony J. Indovina, Jr. (hereinafter "Tony Indovina") is, upon information and belief, an adult resident of Prince William County, Virginia.

4.     At all times material hereto, Tony Indovina was an employee and agent of Indovina Construction who was at all times material hereto acting on behalf of Indovina Construction within the scope of his duties and responsibilities for said defendant.

5.     This Court has subject matter jurisdiction over this action pursuant to Title 28 U.S.C. Section 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6.     Venue in this District is proper pursuant to Title 28 U.S.C. Section 1391(a) as it is the judicial district in which all defendants reside.

**Count I – Against Both Defendants**
**(Violation of the District of Columbia Consumer Protection Procedures Act: Violation of Home Improvement Contract Advance Payment Regulation)**

7.     All prior paragraphs are realleged as if fully set forth hereat.

8.     On or about December 18, 2009, plaintiff Willett and defendant Indovina Construction entered into a written contract (hereinafter the "Contract") for the improvement of a residential property in the District of Columbia known as 700 Randolph Street, N.W., Washington, DC 20011 (hereinafter the "Property").

9.     Said contract set forth different items of work to be completed at the Property (hereinafter the "Work").

10.    At all times material hereto Indovina Construction was in the business of general residential construction. including home improvement construction and repair, in the Commonwealth of Virginia.

11.     A true copy of the Contract as provided to plaintiff Willett by the defendants for the Work at the Property is attached hereto as Exhibit 1.

12.     The Contract was for more than $300, and defendants Indovina Construction and Tony Indovina required and accepted payment in advance of the full completion of all Work.

13.     On or about December 14, 2009, defendants Indovina Construction and Tony Indovina demanded and accepted payment in the amount of $44,000 from plaintiff Willett pursuant to the Contract.

14.     At the time that defendant Indovina Construction accepted said amount on December 14, 2009, it was not licensed in the District of Columbia as a home improvement contractor.

15.     At the time that defendants accepted the amount on December 14, 2009, defendants Indovina Construction and Tony Indovina knew that Indovina Construction was not licensed in the District of Columbia as a home improvement contractor.

16.     Pursuant to the District of Columbia Consumer Protection Procedures Act (D.C. Code §§ 28-3901, et seq.), the acceptance of said payment by defendants at a time when Indovina Construction was not licensed as a home improvement contractor in the District of Columbia constituted an unfair trade practice and rendered the Contract void and unenforceable, even on a quasi-contractual basis, by the defendants.

17.     After such time that defendants accepted the payment aforesaid, as well as additional payments required under the Contract, defendant Indovina Construction performed shoddy, incomplete, and substandard work on the Property in ways that are and were substantial

3

and material, thereby proximately causing plaintiff Willett to suffer monetary damage in the sum of $86,965 to repair, replace, and complete the Work on the Property.

18.     In addition to the costs of repairing, replacing, and completing Work at the Property, plaintiff Willett has paid to defendants the sum of $109,219 under the Contract.

WHEREFORE, plaintiff Amanda Willett prays for judgment against defendant A. J. Indovina Construction, Inc. and Anthony Indovina, Jr., jointly and severally, under the District of Columbia Consumer Protection Procedures Act, in the full amount of payments she has made to the defendants, being $109,219, plus damages for the repair, replacement, and completion of the Work at the Property in the amount of $86,965, such amount to be trebled under the District of Columbia Consumer Protection Procedures Act; an award of punitive damages in the amount of $250,000; an award of reasonable attorneys' fees under the District of Columbia Consumer Protection Procedures Act; an award of plaintiff's costs in this action; plus such other and further relief as the Court may deem just and proper.

### Count II – Against Both Defendants
**(Violation of the District of Columbia Consumer Protection Procedures Act: Violation of Home Improvement Contract Requirements)**

19.     All prior paragraphs are realleged as if fully set forth hereat.

20.     At all times material hereto, defendant Tony Indovina was not a licensed salesperson in the District of Columbia.

21.     At all times material hereto, defendant Tony Indovina acted as a salesperson for defendant Indovina Construction.

4

22.     The actions of defendant Tony Indovina, acting as a salesperson for Indovina Construction within the District of Columbia without being licensed as a salesperson by the District of Columbia, is a violation of District of Columbia law.

23.     Defendants Indovina Construction and Tony Indovina accepted payments from plaintiff Amanda Willett in the amount of $109,219 in connection with a home improvement contract, notwithstanding that the Contract entered into by plaintiff and defendant Indovina Construction did not, and does not, comply with District of Columbia law regarding the substance of home improvement contracts under District of Columbia Municipal Regulations, Title 16, Section 808.1, *et seq.*

24.     The violations of the said regulations that appear on the face of the Contract are:

a.     The failure to include the name and license number of the salesperson who participated in negotiating the contract and identifying him as the participating salesperson, contrary to Section 16-808.4.

b.     The failure to furnish the plaintiff a copy of the contract bearing the homeowner's signature and the signature of the salesperson at the time the contract was executed by the homeowner, in violation of Section 16-808.5.

c.     The failure to include the home improvement contractor's license number, in violation of Section 16-808.9.

d.     The failure to change the projected date of completion by a written agreement between the parties, in violation of Section 16-808.10

5

e. The failure to include a notice satisfactory under District of Columbia law stating that the homeowner should not sign the contract in blank and that the homeowner is entitled to a copy of the contract that he or she signs, in violation of Section 16-808.15.

25. The violations of the regulation aforesaid by the defendants are substantial and material and precluded the acceptance of any payment from the plaintiff until and unless the requirements of said regulation were satisfied.

26. The Contract between plaintiff Amanda Willett and defendant Indovina Construction was never corrected, amended, or changed in order to bring it into substantial compliance with said regulation.

27. As a direct and proximate result of the aforesaid violations of the District of Columbia Regulation by defendants Indovina Construction and Tony Indovina, plaintiff Amanda Willett has been damaged.

WHEREFORE, plaintiff Amanda Willett prays for judgment against defendant A. J. Indovina Construction, Inc. and Anthony Indovina, Jr., jointly and severally, under the District of Columbia Consumer Protection Procedures Act in the full amount of payments she has made to the defendants, being $109,219, plus damages for the repair, replacement, and completion of the Work at the Property in the amount of $86,965, such amount to be trebled under the District of Columbia Consumer Protection Procedures Act; an award of punitive damages in the amount of $250,000; an award of reasonable attorneys' fees under the District of Columbia Consumer Protection Procedures Act; an award of plaintiff's costs in this action, plus such other and further relief as the Court may deem just and proper.

6

## Count III – Against Both Defendants
### (Violations of the District of Columbia Consumer Protection Procedures Act: Unlawful Trade Practices)

28.    All prior paragraphs are realleged as if fully set forth hereat.

29.    In December 2009, when plaintiff Amanda Willett and defendant Indovina Construction signed the Contract, Indovina Construction was not licensed as a home improvement contractor in the District of Columbia, and defendant Tony Indovina was not licensed as a salesperson by the District of Columbia.

30.    In addition, in December 2009, Indovina Construction was neither a District of Columbia corporation nor registered with the District of Columbia as a foreign corporation.

31.    The initial registration of Indovina Construction as a foreign corporation within the District of Columbia did not occur until on or about February 19, 2010.

32.    Until on or about February 19, 2010, Indovina Construction was without authority to conduct business in the District of Columbia.

33.    By entering into the Contract with the plaintiff, and by taking steps to perform under the Contract at the Property, Indovina Construction was operating in violation of District of Columbia law.

34.    On or about March 17, 2010, defendant Indovina Construction applied for a building permit with respect to the Property.

35.    On or about March 22, 2010, the District of Columbia Department of Consumer and Regulatory Affairs issued Permit No. B1004167 with respect to work to be done at the Property by defendant Indovina Construction pursuant to the Contract.

7

36.     All work performed by the defendants prior to March 22, 2010, was in violation of District of Columbia law.

37.     The acts and omissions by defendant Indovina Construction, by and through its authorized agent, defendant Tony Indovina, constitute violations of the Unlawful Trade Practices Law of the District of Columbia, being District of Columbia Code Section 28-3904, in the following particulars:

a.     The entering into the Contract with plaintiff, which indicated that the Work would be completed by February 2009, constituted a representation that the defendants had, under District of Columbia law, certain approvals, status, and certifications needed to perform the Work as set forth in the Contract, where the defendants did not have such approvals, status, or certifications, all in violation of District of Columbia Code Section 28-3904(b).

b.     The defendants failed to state certain material facts, and the failure to state such material facts tended to mislead plaintiff Amanda Willett as follows: (1) that Indovina Construction was not licensed as a home improvement contractor within the District of Columbia, (2) that Indovina Construction was not registered as a foreign corporation with the District of Columbia, (3) that Indovina Construction did not have a business license in the District of Columbia, (4) that Tony Indovina was not licensed as a salesperson within the District of Columbia, and (5) that neither Indovina Construction nor Tony Indovina had the ability to timely apply for a building permit with respect to the Property such that the Work could reasonably be anticipated to be completed within two months of the execution of the Contract.

c.     On or about May 11, 2010, defendant Indovina Construction, by and through its authorized agent, Tony Indovina, stated that, with respect to the Work at the Property,

8

"the outside is just about finished, it looks great" and requested payment of the final draw of $29,000 at that time, even though such statement was materially false; defendants thereupon received the $29,000 final draw under the Contract as a direct result of such false representation, all in violation of District of Columbia Code Section 28-3904(p).

38.     As a direct and proximate result of the aforesaid unlawful trade practices of the defendants, plaintiff Amanda Willett has sustained damages.

WHEREFORE, plaintiff Amanda Willett prays for judgment against defendant A. J. Indovina Construction, Inc. and Anthony Indovina, Jr., jointly and severally, under the District of Columbia Consumer Protection Procedures Act in the full amount of payments she has made to the defendants, being $109,219, plus damages for the repair, replacement, and completion of the Work at the Property in the amount of $86,965, such amount to be trebled under the District of Columbia Consumer Protection Procedures Act; an award of punitive damages in the amount of $250,000; an award of reasonable attorneys' fees under the District of Columbia Consumer Protection Procedures Act; an award of plaintiff's costs in this action, plus such other and further relief as the Court may deem just and proper.

### Count IV – Against Indovina Construction
### (Breach of Contract)

39.     All prior paragraphs are realleged as if fully set forth hereat.

40.     The Contract required defendant Indovina Construction to perform certain Work at the Property.

41.     The home improvement construction services provided by defendant Indovina Construction were shoddy, incomplete, and substandard.

42.     Defendant Indovina Construction has breached the Contract by performing home improvement construction services that were shoddy, incomplete, and substandard.

43.     Plaintiff Willett has made payments under the Contract in the total amount of $109,219 and has otherwise fully performed under the Contract between the parties.

44.     As a proximate result of the breaches of the Contract as aforesaid by defendant Indovina Construction, plaintiff Amanda Willett has suffered damages in the amount of $86,965.

WHEREFORE, plaintiff Amanda Willett demands judgment against defendant A. J. Indovina Construction, Inc. in the amount of $86,965, plus pre-judgment interest from December 14, 2009, to the date of judgment, plus costs, and such other and further relief as the Court may deem just and proper.

### Count V – Against Both Defendants
### (Fraud)

45.     All prior paragraphs are realleged as if fully set forth hereat.

46.     The Contract between the parties called for a $29,000 payment by the plaintiff upon completion of work on the exterior of the Property.

47.     Defendant Tony Indovina, on behalf of himself and Indovina Construction, requested payment of the $29,000 draw due at completion of the exterior work on the Property even though such exterior work had not been completed.

48.     The date of such request by defendant Tony Indovina was on or about April 1, 2010.

49.     As reason for the early payment, defendant Tony Indovina told plaintiff Willett that the exterior work had not been completed on account of bad weather conditions.

50.     In reasonable reliance upon defendant Tony Indovina's representations, plaintiff Willett paid the $29,000 draw due at the completion of exterior work; such payment was made on or about April 6, 2010.

51.     Contrary to the representations of defendant Tony Indovina, the Washington, DC, area had only trace amounts of snow in March 2010.

52.     Contrary to the representations of defendant Tony Indovina, the temperatures for Washington, DC, in March 2010 were, according to the National Oceanic and Atmospheric Association, "well above normal."

53.     Contrary to the representations of defendant Tony Indovina, bad weather conditions were not the reason for the failure of Indovina Construction to complete the Work on the exterior of the Property during March of 2010.

54.     On May 11, 2010, defendant Tony Indovina sent an e-mail to plaintiff Amanda Willett concerning progress of the Work at the Property.

55.     In said e-mail, defendant Tony Indovina represented that "the outside is just about finished, it looks great...." In said e-mail, defendant Tony Indovina also requested the final payment of $29,000 due at the completion of all interior work, stating that "If you could wire the changes and the next draw we could push to be done in 3 weeks."

56.     In reasonable reliance upon the representations and promises in the May 11, 2010, e-mail as aforesaid, plaintiff Willett paid the final draw of $29,000 to Indovina Construction on May 25, 2010.

57.     Contrary to the statements of defendant Tony Indovina in the May 11, 2010, e-mail, the exterior Work on the Property was far from completion.

11

58.     When plaintiff Willett visited the Property approximately four weeks after making the May 25, 2010, draw payment, she saw that the exterior Work had not been completed even by that time; the remaining Work to the exterior included the roof on the main house, the roof on the garage, the back stairs, the upstairs balcony, and the reinforcement of the foundation for the kitchen expansion.

59.     On May 11, 2010, defendant Tony Indovina knew that the exterior Work on the Property could not fairly be described as being "just about finished" and such statement was false and made only to induce payment from plaintiff Willett. Furthermore, since the Work was on May 11 substantially incomplete, his representation to the plaintiff that the Work "looks great" was false and made only to induce payment from plaintiff Willett.

60.     On May 11, 2010, defendant Tony Indovina knew that the project could not be completed within three weeks as represented in his e-mail of May 11, 2010. Such statement was made only for the purposes of inducing plaintiff Willett to pay the final draw of $29,000.

61.     On May 11, 2010, defendant Tony Indovina failed to disclose to plaintiff Willett all of the Work remaining to be done at that time on the Property and that there could be no reasonable expectation of completion of the Work within three weeks as said defendant represented to plaintiff Willett.

62.     All of the representations aforesaid made by defendant Tony Indovina were knowingly false, and were made with the intention to induce plaintiff Willett to make payments that were not then due to himself and to Indovina Construction.

12

63.     It was the intention of defendant Tony Indovina, acting on behalf of his principal, Indovina Construction, that plaintiff Willett would reasonably rely to her detriment upon the statements and omissions made by defendant Tony Indovina.

64.     Plaintiff Willett did in fact reasonably rely on the misrepresentations and omissions of defendant Tony Indovina, and made the payments aforesaid to defendant Indovina Construction.

65.     Defendant Indovina Construction has not completed the Work in the many months since May 2010, causing substantial damage to plaintiff Willett for work paid for but not performed by defendant Indovina Construction.

WHEREFORE, plaintiff Amanda Willett demands judgment against A. J. Indovina Construction, Inc. and Anthony Indovina, Jr., jointly and severally, in the amount of $86,965 compensatory damages, $250,000 punitive damages, the costs of this action, and such other and further relief as the Court may deem just and proper.

## Count VI – Against Both Defendants
### (Fraud: Failure to Disclose Material Facts)

66.     All prior paragraphs are realleged as if fully set forth hereat.

67.     In or around December 2009, at the time the contract between plaintiff and defendant Indovina Construction was being negotiated and executed, defendants Indovina Construction and Tony Indovina failed to state to plaintiff Amanda Willett:

a.     That Indovina Construction did not possess a home improvement contractor's license in the District of Columbia.

13

b.     That defendant Indovina Construction did not possess a business license in the District of Columbia.

c.     That defendant Indovina Construction was not registered as a foreign corporation in the District of Columbia.

d.     That defendant Indovina Construction did not then have the legal ability to apply for a permit to perform the Work under the Contract.

e.     That defendant Tony Indovina was not licensed as a salesperson in the District of Columbia.

f.     That Indovina Construction did not possess the ability in December 2009 to complete the Work set forth in the Contract within two months' time, as specified in the Contract.

68.     The failure to state the above material facts to plaintiff at the time of contracting tended to mislead plaintiff Amanda Willett.

69.     Plaintiff Amanda Willett was in fact misled by the failure of the defendants to disclose the above material facts.

70.     The failure of the defendants to state the above material facts to plaintiff Amanda Willett was knowing, willful, and voluntary, and was done with an intent to deceive plaintiff Amanda Willett.

71.     Plaintiff Amanda Willett acted in reliance upon the deceptive and incomplete information provided to her by the defendants and, under the circumstances, her reliance was reasonable.

14

72.     As a direct and proximate result of the acts and omissions of the defendants as set forth above, plaintiff Amanda Willett sustained damages.

WHEREFORE, plaintiff Amanda Willett demands judgment against A. J. Indovina Construction, Inc. and Anthony Indovina, Jr., jointly and severally, in the amount of $86,965 compensatory damages, $250,000 punitive damages, the costs of this action, and such other and further relief as the Court may deem just and proper.

AMANDA WILLETT

By Counsel

_____          Dec. 6, 2011
Karl W. Pilger (VSB No. 18788)          _____
BORING & PILGER, P.C.          Date
*Counsel for Plaintiff Amanda Willett*
307 Maple Avenue West, Suite D
Vienna, Virginia  22180-4307
Phone: (703) 281-2161
Fax:    (703) 281-9464
Email: kpilger@boringandpilger.com